UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BOARD OF TRUSTEES OF THE PAINTERS AND FLOORCOVERERS JOINT COMMITTEE, et al.,

Plaintiff(s),

v.

ACCELERATED CONSTRUCTION, INC., et al.,

Defendant(s).

Case No.: 2:19-cv-01191-RFB-NJK

**ORDER**

(Docket No. 38)

Pending before the Court is Plaintiffs' motion for fees and costs regarding order granting motion to compel. Docket No. 38; *see also* Docket No. 37. The Court has considered Plaintiffs' motion, Defendants' response, and Plaintiffs' reply. Docket Nos. 38, 41, 42. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.  LODESTAR CALCULATION**

The amount of fees awardable under Fed.R.Civ.P. 37 is determined by using the familiar lodestar approach. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 587 (D. Nev. 2013). Under that approach, the Court determines a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[1] The Court must independently review a fee request even absent objection. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992).

---

[1] Adjustments to the lodestar are proper in only "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). This is not one of those cases.

1

A.	Reasonable Hours

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the time spent was reasonable. *See, e.g.*, *Marrocco*, 291 F.R.D. at 588. The Court has great discretion "in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (citation omitted). The reasonableness of hours spent depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours if due to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433. The movant "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d at 1401. In determining the reasonableness of hours spent on discovery motions, "the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *See, e.g.*, *Marrocco*, 291 F.R.D. at 588.

Plaintiffs seek to recover attorneys' fees for 14.9 hours. Docket No. 38 at 4. Plaintiffs submit nine billing statements—one for each of nine Plaintiffs—to support their request. *Id.* at 9–26. Thus, Defendants' argument that Plaintiffs' counsel billed nine times what they should have fails. However, because Plaintiffs' counsel split the fees among the nine Plaintiffs by an agreed-upon proportion of the time spent, Docket Nos. 38 at 9–26, 42 at 2–6, and because Plaintiffs fail to provide totals for the time spent on tasks, it is unclear to the Court how Plaintiffs arrived at 14.9 hours.

Below are the Court's calculated totals for the time spent on tasks for which Plaintiffs seek to recover attorneys' fees:

| Date | Attorney | Task | Time Spent |
|---|---|---|---|
| 01/10/2020 | Smith | "Emails to and from and telephone call from B Phillips regarding Settlement Proposal and Extension Request" | 0.10 |
| 01/23/2020 | Smith | "Email to B Phillips regarding Accounts and Discovery" | 0.10 |
| 02/11/2020 | Smith | "Review Discovery; Research State Court Cases; draft letter to B Phillips regarding Meet and Confer; Research" | 2.41 |
| 02/20/2020 | Smith | "Telephone call to B Phillips regarding Meet and Confer" | 0.10 |

| | | | |
|---|---|---|---|
| 02/24/2020 | Smith | "Email to B Phillips" | 0.10 |
| 02/25/2020 | Smith | "E-mails to and from B Phillips regarding Meet and Confer" | 0.30 |
| 03/02/2020 | Smith | "E-mail to B Phillips regarding Motion to Compel" | 0.10 |
| 03/03/2020 | Smith | "E-mail from B Phillips; conference with D Martin regarding Motion to Compel; telephone call to L Wolff regarding discovery issues" | 0.50 |
| | Wolff | "Telephone call with W Smith regarding Motion to Compel" | 0.19 |
| 03/04/2020 | Smith | "Emails to and from B Philips [sic] regarding Meet and Confer; review Court Order on Discovery Motions; Research and drafting of Motion to Compel" | 2.78 |
| 03/05/2020 | Smith | "Drafting Motion to Compel; Research" | 1.66 |
| 03/06/2020 | Smith | "Drafting Motion to Compel; Research" | 1.40 |
| 03/09/2020 | Smith | "Drafting of argument for Motion to Compel; draft Declaration; prepare Motion and Exhibits for filing; review Notice from Court and download filed Motion and Exhibits" | 3.10 |
| | | **Total** | **12.84** |

*See* Docket No. 38 at 9–26. Plaintiffs also seek to recover attorneys' fees for time spent on their instant motion and reply—two hours each. Docket Nos. 38 at 4, 42 at 6. That brings the total time for which Plaintiffs seek to recover attorneys' fees to 16.84 hours.

The Court finds that not all of that time is recoverable. First, the descriptions for January 10, January 23, and February 24 fail to make clear how the time spent those days relates to Plaintiffs' motion to compel. The same is true for the description for February 11, aside from the meet and confer part. Second, Plaintiffs seek to recover for the time spent relating to the meet and confer process. However, the case law in this District has long been clear that such time is not recoverable absent unusual circumstances. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, at *6 & n.12 (D. Nev. Sept. 20, 2013) (collecting cases). None exists here. Third, the descriptions for March 2, March 3, and March 4 fail to make clear whether the work done those days was later incorporated into Plaintiffs' motion to compel, or if the work is better categorized as time spent on the meet and confer process. Fourth, Plaintiffs fail to provide any information regarding Ms. Wolff's experience; therefore, her time is not recoverable. Finally, although Plaintiffs may recover for time spent relating to their instant motion, *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, at *7 (D. Nev. Sept. 20, 2013), they may not do so for time spent relating to their reply, because the Court did not ask for a reply, *see Alutiiq Int'l Sols., LLC v. Lyon,* 2012 WL 4182026, at *4 (D. Nev. Sept. 17, 2012); *see also* Docket No. 37 at 1. Thus, after taking out this unrecoverable time, the Court finds that 8.16 hours is recoverable.

### B. Reasonable Hourly Rate

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho*, 523 F.3d at 980. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Mr. Smith has about ten years of litigation experience. *See* Docket No. 38 at 5. Plaintiffs are seeking to recover at the hourly rate that Mr. Smith customarily charges his clients on all similar matters, which is $180. *Id*. The Court finds that rate reasonable. *Cf. Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Tr. for S. Nevada v. Marbella Flooring, Inc.,* 2012 WL 1354070, at *16 (D. Nev. Apr. 17, 2012). Thus, the reasonable rate for Mr. Smith is $180.

## II. CONCLUSION

Accordingly, Plaintiffs' motion is **GRANTED** in part and Plaintiffs are awarded attorneys' fees of $1468.80. Docket No. 38. Payment must be made no later than August 10, 2020.

IT IS SO ORDERED.

Dated: July 13, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

4